**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AMY HOPKINS, CHERYL LANE, ADRIENNE HAUSE and TONI STONE, <br><br> Plaintiffs, <br><br> v. <br><br> STERICYCLE, <br><br> Defendant. | Case No.: <br><br> **Trial by Jury Demanded** |

**COMPLAINT**

COMES NOW the Plaintiffs, AMY HOPKINS, CHERYL LANE, ADRIENNE HAUSE and TONI STONE, by and through their attorneys, CASE + SEDEY, LLC, for their Complaint at Law against Defendant and states and alleges as follows:

**Introduction**

1. This Action arises under Title VII of the Civil Rights Act and the Equal Pay Act. The Plaintiffs claims arise from the same set of facts and pose the same legal and factual questions.

**The Parties**

2. Plaintiff Amy Hopkins ("Plaintiff") is a citizen of the United States and a resident of Forrest County, Mississippi. Plaintiff has at all relevant times been employed by Defendant Stericycle and is an employee as defined by the aforementioned statutes.

3. Plaintiff Cheryl Lane ("Plaintiff") is a citizen of the United States and a resident of Williamson County, Texas. Plaintiff has at all relevant times been employed by Defendant Stericycle and is an employee as defined by the aforementioned statutes.

4. Plaintiff Adrienne Hause ("Plaintiff") is a citizen of the United States and a resident of Contra Costa County, California. Plaintiff has at all relevant times been employed by Defendant Stericycle and is an employee as defined by the aforementioned statutes.

5. Plaintiff Toni Stone ("Plaintiff") is a citizen of the United States and a resident of Tarrant County, Texas. Plaintiff has at all relevant times been employed by Defendant Stericycle and is an employee as defined by the aforementioned statutes.

6. Defendant Stericycle ("Defendant") is a Delaware corporation with its Global Headquarters in Bannockburn, Lake County, Illinois. At all relevant times, Defendant had more than fifteen employees.

7. Jurisdiction is conferred on this Court by the above-named statutes, as well as by 28 U.S.C. § 1331. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391 (b) and (c).

## Factual Allegations

8. Plaintiffs are employees of Defendant and are all Key Account Directors in Defendant's Commercial National Division.

9. In the Commercial National Division there are six Key Account Directors-five women and one man.

10. All six Key Account Directors have the same responsibilities-to maintain and grow their books of business.

11. In or around December of 2021, Plaintiffs discovered that their sole male counterpart was paid $155,000 per year in base salary while they were each paid far less than that. Plaintiffs also learned that their male counterpart had been awarded stock options when moving to the Key Account Director role while they had not.

12. On December 6, 2021, Plaintiffs lodged formal complaints with Human Resources regarding the disparate and discriminatory pay. In response, on or around December 16, 2021, Defendant increased each of their salaries to $98,000 a year.

13. The Plaintiffs all have different tenures with the company and different sizes of books of business. Despite that, they were and still are all paid the same $98,000 per year. Their male counterpart, however, continues to make $57,000 per year more than them.

14. On February 25, 2022, Plaintiffs reported this discriminatory and disparate pay to Defendant's CEO, Cindy Miller. To date, Ms. Miller has not responded to Plaintiffs' concerns.

15. On January 18, 2022, Plaintiffs filed individual charges of discrimination with the EEOC. Attached as Group Ex. A are copies of those charges. Plaintiffs will request their rights to sue and supplemental their complaint accordingly.

## **COUNT I – GENDER DISCRIMINATION IN VIOLATION OF TITLE VII**

16. Plaintiff incorporates the paragraphs 1-15 as though set forth herein.

17. Plaintiffs are women entitled to equal treatment under the law.

18. Defendant, without legal justification, has and continues to pay Plaintiffs' male counterpart more than it pays Plaintiffs for the same work.

19. As a result, Plaintiffs have and will continue to suffer lost wages and emotional distress damages.

WHEREFORE, Plaintiffs respectfully requests that this Court award them damages they have sustained because of Defendant's unlawful conduct, including but not limited to, back pay and front pay, compensatory and punitive damages, a preliminary and permanent injunction against Defendant from engaging in the unlawful practices set forth herein, and am adjustment of the wage rates and benefits for Plaintiffs to that of their male counterpart.

## COUNT II
## VIOLATION OF THE EQUAL PAY ACT

20. Plaintiffs incorporates paragraphs 1-15 as though set forth herein.

21. Defendant has knowingly and willfully paid and continues to pay Plaintiffs significantly less than their male counterpart for substantially similar work under substantially similar working conditions.

22. As a result, Plaintiffs have suffered and continue to suffer lost wages.

WHEREFORE, Plaintiff respectfully requests that this Court award them damages they have sustained because of Defendant's unlawful conduct, including but not limited to, back pay and front pay, liquidated damages, a preliminary and permanent injunction against Defendant from engaging in the unlawful practices set forth herein, and an adjustment of the wage rates and benefits for Plaintiffs to that of their male counterpart.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein.

    Respectfully submitted,

    AMY HOPKINS
    CHERYL LANE
    ADRIENNE HAUSE
    TONI STONE

    By: /s/ *Kristin M. Case*
    One of Plaintiff's Attorneys

Kristin M. Case
Kate Sedey
Case + Sedey, LLC
250 S. Wacker Drive, Suite 230
Chicago, Illinois 60606
Tel. (312) 920-0400
Facsimile (312) 920-0800
kcase@thecaselawfirm.com